## MAXWELL UNDERWRITERS, INC., *v.* ZIMMERMAN.

1. INDEMNITY—LOSS ANTECEDENT TO ACTION UNDER CONTRACT—MEASURE OF RECOVERY.

Under a contract whereby party insured under a workmen's compensation insurance policy agreed to indemnify insurance brokerage firm who paid a compensation award for amount brokers might have to pay insurer, its successors, assigns, liquidator or receiver, contract will be treated as one to indemnify against loss and recovery limited to actual damages sustained where evidence in action under agreement shows that payment, in part at least, of the amount had been made by brokers to representatives of the insurer prior to commencement of action.

2. SAME—LUMP SETTLEMENT BY INDEMNITEE—DETERMINATION OF LOSS.

Under settlement between representatives of insolvent insurer and an insurance brokerage firm whereby latter eventually paid 76.9 per cent. of total amount due, where broker had previously paid a workmen's compensation award from funds belonging to the insurer and had taken an indemnity agreement from defendant employers, broker would be entitled to recover from indemnitor a like percentage of amount paid insurer, plus interest as provided in indemnity agreement, notwithstanding particular item was not listed as a transaction separate and distinct from balance of broker's indebtedness to insurer.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 8, 1942. (Docket No. 34, Calendar No. 41,791.) Decided May 18, 1942. Rehearing denied July 1, 1942.

Assumpsit by Maxwell Underwriters, Inc., a Michigan corporation, against Ralph E. Zimmerman and William O. Rowley, individually and as partners, and another to recover sums due on a written instrument. Judgment for defendants. Plaintiff appeals. Reversed.

*George Kayes* (*Myron Schiffman,* of counsel), for plaintiff.

*Payne & Payne* (*Everett D. Crowe,* of counsel), for defendants.

CHANDLER, C. J. At some time prior to January 14, 1931, Maxwell Agency, Inc., a Michigan corporation engaged in the general insurance brokerage business, solicited and obtained from defendants that portion of their insurance business covering workmens' compensation claims, the policy being written by the Pennsylvania Surety Company.

Thereafter, a claim arose under the provisions of the compensation law in favor of an employee of defendants, which resulted in an award being entered by the department of labor and industry against defendants and the surety company, said award becoming final by default on January 14, 1931. On the same day, the Pennsylvania Surety Company failed and a liquidator was appointed to conduct its affairs.

On or about July 23, 1931, the sheriff appeared at defendants' place of business prepared to levy upon their assets in satisfaction of the award, the sum of $2,052 having accrued thereunder at that time. De-

fendants immediately contacted Roderick W. Maxwell, president of Maxwell Agency, Inc., and as a result of ensuing negotiations it was agreed that the agency would pay the sum of $2,052 due under the award, said payment being made to defendants out of funds in the hands of the agency belonging to the Pennsylvania Surety Company. At the same time, defendants executed to Maxwell Agency, Inc., an indemnity agreement, which, after reciting the entry of the compensation award and the facts as substantially stated herein, concluded with these provisions:

"And whereas the said Maxwell Agency, Inc., if it pays the amount of said award out of the sums in its hands belonging to said Pennsylvania Surety Company may thereafter, upon demand of said Pennsylvania Surety Company, its successors or assigns, or the liquidator or receivers thereof, with or without legal proceedings, be obliged to pay to said Pennsylvania Surety Company, its successors or assigns, or the liquidator or receiver thereof the amount of said award, being the sum of $2,052;

"And whereas said Rowley and Zimmerman have received from said Maxwell Agency, Inc., the said sum of $2,052 the amount of said award, which said Rowley and Zimmerman is obligated to pay to the said C. O. Smith said payment being made by the Maxwell Agency, Inc., out of the funds in its hands belonging to the said Pennsylvania Surety Company;

"Now therefore the condition of this obligation is such, that if said Maxwell Agency, Inc., a Michigan corporation, shall at any time hereafter be obligated to pay to said Pennsylvania Surety Company, its successors or assigns, or the liquidator or receiver thereof the said sum of $2,052 and such interest thereon as may be legally charged, then the said Rowley & Zimmerman shall thereupon forthwith

upon demand pay to said Maxwell Agency, Inc., the said sum of $2,052 and the interest thereon, whereupon this obligation shall be void, otherwise to remain in full force and effect.''

Plaintiff herein, successor to Maxwell Agency, Inc., and assignee of the aforementioned obligation, instituted this action to recover under said agreement the sum paid defendants in accordance therewith. The case was tried without a jury, and this appeal is taken from the judgment of no cause of action entered by the court below, who was of the opinion that the agreement was one to idemnify plaintiff against loss, rather than mere liability, and that because plaintiff had not shown that the sum stated therein had actually been paid to the Pennsylvania Surety Company or its liquidator there could be no recovery.

Many cases are cited by plaintiff to demonstrate that the purpose of the agreement and the intent of the parties was to indemnify it against liability, rather than loss, and that, therefore, it is entitled to recover the amount stipulated even though it failed to show damnification. We believe, however, that a discussion of these authorities is not required because in this case the liability of plaintiff to the surety company has been liquidated and its actual loss determined prior to the institution of this proceeding. The case is in this respect unlike the case where the action on an agreement to indemnify against mere liability is brought before it has been determined whether the party for whose benefit the agreement is executed will sustain an actual loss because of his liability. Plaintiff should not be permitted to make a profit on the transaction, and its actual damage, if any, being now ascertainable, the contract will be treated as one to indemnify against loss and the recovery limited to actual damages, if it

has been shown that plaintiff has paid the sum in question, or part thereof, to the surety company.

In 27 Am. Jur. p. 473 it is said.

"Recovery may not be had for the whole amount named in a bond conditioned on the performance of certain covenants, but will be limited to the damages actually sustained."

See, also, *Valentine* v. *Wheeler,* 122 Mass. 566 (23 Am. Rep. 404).

The record shows that on January 14, 1931, the date the surety company failed, Maxwell Agency, Inc., owed the company the net amount of $16,000, said sum including the $2,052 in controversy herein. In the fall of 1932, after conferences between representatives of the surety company and Mr. Maxwell, the Maxwell Agency, Inc., was allowed credit on its indebtedness, the credit so allowed representing the cost to the agency of reinsuring certain of its insurance clients in other insurance companies. After deducting the amount so allowed, a balance of $6,500 remained. This resulting sum was further liquidated by the payment of $1,500 in cash and acceptance by the surety company of a series of notes executed by Mr. Maxwell individually in the aggregate face value of $5,000. By various payments the balance due under the notes was reduced to $4,200, an action which was pursued to judgment eventually being instituted to recover this amount. After further negotiations following the entry of judgment, the same was compromised and satisfied by the payment of $1,500 in cash.

We are not in accord with the conclusion of the trial court that the foregoing facts did not constitute payment, in part at least, of the obligation in question, the trial judge apparently being of the opinion that it was necessary for plaintiff to show that in

settling its account with the surety company specific reference was made to the $2,052, and that this sum was paid to the company as a transaction separate and distinct from the balance of the indebtedness of plaintiff to said surety company.

When plaintiff liquidated its indebtedness of $16,000, which sum included the amount involved herein, it had sustained a loss, as had it not been for the advancement made to defendants, the amount so advanced would have been available for part payment of the mentioned indebtedness. They had paid the surety company the $2,052, and the fact that a larger obligation was also liquidated without each item of the total being individually considered is of no importance.

However, from the facts hereinbefore set forth it is apparent that the indebtedness of $16,000 was discharged by payment of a smaller amount. Plaintiff cannot recover the full amount named in the agreement but must be limited to a proportionate amount thereof, the same to be computed on the ratio existing between the amount actually paid to the surety company and the amount owed.

Although the balance due after the conference in the fall of 1932 was agreed to be $6,500, it is not clear that the entire difference between this sum and $16,000 was allowed for reinsurance. Mr. Maxwell testified that between $8,000 and $9,000 was allowed for this purpose, his testimony thereon being undisputed. In addition thereto, the surety company received $3,800 in cash. Plaintiff has, therefore, paid the sum of $12,300 to the surety company, if we adopt the figure of $8,500 as the mean amount allowed for reinsurance, or .769 of the total amount due. Computing plaintiff's loss on this ratio, it is entitled to recover $1,577.99, plus interest as provided in the agreement.

The case is reversed and remanded for entry of judgment in accordance herewith, with costs to appellant.

BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.